■ In the Matter of ANNA RIVERA, Petitioner, v JASON TURNER, as Commissioner of the Human Resources Administration of the City of New York, et al., Respondents. [736 NYS2d 226] —Determination of respondent New York State Department of Labor, dated March 22, 2000, affirming a determination of respondent New York City Human Resources Administration to discontinue petitioner's public assistance benefits for 150 days as a sanction for willful failure, without good cause, to comply with requirements of the Work Experience Program (WEP), unanimously confirmed, the petition denied, and the proceeding, brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Michael Stallman, J.], entered January 18, 2001), dismissed, without costs.

Upon review of the record, we find substantial evidence (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180) to support respondents' determination that there was not good cause for petitioner's failure to appear at her WEP assignment (*see,* Social Services Law § 341 [1]; 12 NYCRR 1300.12 [c]; *see also, Matter of Caughman v Turner*, 282 AD2d 228, *lv denied* 96 NY2d 716).

Petitioner's claim that she was discriminated against in violation of the Americans with Disabilities Act of 1990 (42 USC § 12101 *et seq.*) is not appropriately raised in this proceed-

ing pursuant to CPLR article 78. In any case, no documentation was presented at the fair hearing of petitioner's claimed disability, i.e., recurrent depression, and no evidence was presented that she was excluded from participation in a program or service by reason of that or any other disability (*see, Lincoln CERCPAC v Health & Hosps. Corp.*, 920 F Supp 488, 497).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Tom, Sullivan, Ellerin and Rubin, JJ.